## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRYSTOPHER A. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-636-D |
| | ) |
| TIMOTHY BIRD, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). On behalf of Defendants Oklahoma County Detention Center and Oklahoma County Sheriff John Whetsel, the Oklahoma County District Attorney submitted a special report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Thereafter, these Defendants filed a motion to dismiss the complaint to which Plaintiff has not responded. Plaintiff's time to respond to the motion to dismiss has lapsed

---

[1] At the time of the events made the basis of his complaint, Plaintiff was a pretrial detainee awaiting trial in the District Court of Oklahoma County. After filing the complaint Plaintiff was convicted. See Case Nos. CF-2007-4568, CF-2007-5337, District Court of Oklahoma County, Docket. At present though it does not appear that Plaintiff has been transferred from the custody of the Oklahoma County Sheriff to the Oklahoma Department of Corrections. Regardless of Plaintiff's status as a pretrial detainee or convicted inmate, the legal analysis of his claims is the same. See Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999).

and, thus, the motion is now at issue.[2]  For the following reasons, it is recommended that the motion to dismiss be granted.

## I.   BACKGROUND

By this action, Plaintiff sues Oklahoma County Sheriff John Whetsel, the Oklahoma County Detention Center, and former Oklahoma County Detention Officers Timothy Bird[3] and Sean Hultman for acts and omissions that occurred during Plaintiff's confinement at the Oklahoma County Detention Center ("the Jail").  Complaint, pp. 1-2.  In his three-count complaint, Plaintiff complains of constitutional violations stemming from two assaults upon him allegedly perpetrated at the Jail by Defendants Bird and Hultman.  Id. at 2.  Specifically, Plaintiff explains that on May 3, 2008, he was confined at the Jail and Defendants Bird and Hultman were collecting empty food trays from the cells on Plaintiff's floor.  According to Plaintiff, he "softly" pushed the food trays out the cell door to Defendant Bird and when he did so, the top two food trays fell, spilling pudding onto Bird's boots.  Plaintiff alleges that Bird believed that he purposely spilled pudding onto his boots and physically assaulted him in response.  Plaintiff claims that he filed a grievance complaining about the attack.  Id. at 7.[4]

---

[2] Local Civil Rule 7.1(g) provides that a motion must be responded to within eighteen days or it may be deemed confessed.  Plaintiff was advised of this requirement in an order dated July 14, 2008. [Doc. No. 9].

[3] It appears from the Special Report that the detention officer's correct name is "Byrd" but Plaintiff's spelling has been used throughout this Report and Recommendation.

[4] Plaintiff attached several unnumbered pages to the § 1983 complaint form he used to file suit.  The undersigned has continued the numbering of the complaint form to these unnumbered

According to Plaintiff, approximately one week later, Defendants Bird and Hultman came to his cell and began harassing him for filing the grievance. Plaintiff claims that Bird and Hultman handcuffed him, removed him from his cell, and escorted him down the hallway before slamming him on his face. Complaint, p. 7. Plaintiff contends that these Defendants then "wrote me up" for assault upon a detention officer, and told him they were doing so in retaliation for the grievance he filed after the first assault. Id. at 7-8.

Plaintiff alleges that he submitted several requests to staff and grievance forms regarding Defendants Bird and Hultman and that he did not receive a response to his complaints until Defendants learned that he intended to file suit regarding his complaints. Id. at 4-5, 12.

For his cause of action in Count I, Plaintiff claims he has not been "treated fairly with respect and dignity" and that his life has been threatened. Complaint, p. 3. In Count II, Plaintiff alleges that his Eighth Amendment rights have been violated. Id. In Count III, Plaintiff alleges constitutional violations as a result of the failure of Sheriff Whetsel and/or his staff to respond to Plaintiff's grievances and requests to staff filed as a result of the alleged attack, and failure to investigate his claims. Id. at 4. Plaintiff seeks monetary relief from each Defendant. Id. at 5.

The Oklahoma County Detention Center and Sheriff Whetsel filed a joint Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. In Proposition I of their

---

pages so that the first page following the final page of the complaint form is page number seven, and so forth.

motion, Defendants argue that Plaintiff cannot maintain a claim against the Oklahoma County Detention Center because it is not an entity subject to § 1983 suits. Motion, pp. 1-3. In Proposition II, Defendants contend that Plaintiff has failed to state a claim against Sheriff Whetsel because he has not sufficiently alleged Sheriff Whetsel's personal participation in the events made the basis of the suit and because Plaintiff has not alleged any affirmative link between Defendants Bird and Hultman's actions and a policy or custom of Oklahoma County. Id. 1, 3-6.

## II. MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations of the complaint. To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); accord Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (alterations omitted) (quoting Twombly, 127 S. Ct. at 1965) (evaluating pro se prisoner complaint under plausibility standard). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). A court considering the sufficiency of a

complaint must "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  Kay, 500 F.3d at 1217 (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)).  Furthermore, a pro se complaint must be liberally construed and held to less stringent standards than pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam)  (quotations omitted) (reviewing pro se prisoner's complaint under plausibility standard) ;see also Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the broad reading of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Thus, a reviewing court need not accept "mere conclusions characterizing pleaded facts."  Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990).  Additionally, a court evaluating a complaint tested by a motion to dismiss may consider the complaint and any documents attached to it as exhibits.  Hall, 935 F.2d at 1112; see also Erickson, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint).

    **A.**    **The Oklahoma County Detention Center**

In their motion to dismiss, Defendants first argue that Plaintiff has failed to state a claim against the Oklahoma County Detention Center because the Jail is not a suable entity or a proper defendant in this action.  Motion, p.1.  Defendants contend that the Jail has no legal identity separate and apart from Oklahoma County, and thus does not constitute a "person" subject to suit under § 1983.  See id. at 2-3.

Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 82 (1984). It "provides that 'every person' who acts under color of state law to deprive another of constitutional rights 'shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'" Lawrence v. Reed, 406 F.3d 1224, 1229 (10th Cir. 2005) (quoting 42 U.S.C. § 1983) (alterations omitted). Whether an entity is a "person" subject to suit under § 1983 is a matter of statutory interpretation, see Lippoldt v. Cole, 468 F.3d 1204, 1212 (10th Cir. 2006), and whether a governmental entity has the capacity to be sued is determined according to state law. See Fed. R. Civ. P. 17(b); see also Esposito v. United States, 368 F.3d 1271, 1273 (10th Cir. 2004); White v. Utah, No. 00-4109, 5 Fed. Appx. 852, 853 (10th Cir. Mar. 1, 2001) (applying Utah law to determine that county jail was not an entity that could be sued).[5] Oklahoma courts have not addressed whether a county jail is a legal entity with the capacity to be sued, but Oklahoma law generally requires suits in which a county will bear liability to proceed against the Board of County Commissioners for the county sued. See Okla. Stat. tit. 19, § 4. However, the Tenth Circuit Court of Appeals has remarked that a county "detention facility is not a person or legally created entity capable of being sued." Aston v. Cunningham, No. 99-4156, 2000 WL 796086 at *4 n.3 (10th Cir. June 21, 2000). Similarly, the Tenth Circuit has concluded that a municipal police department is not a suable entity because it lacks a legal identity apart

---

[5] This and any other unpublished disposition are cited as persuasive authority pursuant to Federal Rule of Appellate Procedure. 32.1 and Tenth Circuit Rule 32.1.

from the municipality. Ketchum v. Albuquerque Police Dep't, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992). Thus, judges in this district have generally determined that Oklahoma's county jails are not legal entities with the capacity to be sued in a § 1983 suit. See, e.g., Leterski v. Kingfisher County Jail, No. CIV-06-451-W (W.D. Okla. Apr. 3, 2007) (order granting county jail's motion to dismiss because "it is not a legal entity capable of being sued."); see also Willson v. Oklahoma County Detention Center, No. CIV-00-491-R (W.D. Okla. Apr. 20, 2000) (order adopting recommendation for dismissal of the Oklahoma County Detention Center as a defendant because it lacks an identity separate from the county itself); Carter v. Oklahoma County Jail, No. CIV-95-171-C (W.D. Okla. Mar. 28, 1995) (order adopting recommendation for dismissal of a § 1983 claim against a county jail because "it lacks an identity separate and apart from the county itself, which, under proper circumstances, is a suable entity.").

Accordingly, the undersigned concludes that Plaintiff has failed to state a plausible § 1983 claim against the Jail because the Jail is not an entity that can be sued pursuant to § 1983. It is therefore recommended that Defendants' motion to dismiss Plaintiff's claims against the Jail be granted.

**B.    Sheriff Whetsel**

In their second proposition in support of their motion to dismiss, Defendants argue that Plaintiff has failed to state a claim against Sheriff Whetsel in either his official or individual capacity. Motion, pp. 3-6. In particular, Defendants note that Plaintiff's sole allegation in support of Sheriff Whetsel's liability is his contention that Sheriff Whetsel

failed to investigate Defendants Bird and Hultman after Plaintiff submitted his grievances. Id. at 4.  Defendants argue that Sheriff Whetsel's alleged failure to investigate Plaintiff's complaint is not an act or omission upon which individual § 1983 liability can be predicated, and that Sheriff Whetsel did not personally participate in any of the other events about which Plaintiff complains.  Id. at 4-5.  Defendants also assert that Plaintiff has failed to state a claim against Sheriff Whetsel in his official capacity because Plaintiff has not alleged that any of the events made the basis of his suit occurred as a result of Sheriff Whetsel's personal participation, or pursuant to any policy or custom of Oklahoma County.  Id. at 5-6.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  Consequently, to establish a § 1983 claim, a plaintiff must allege the deprivation of a federally protected right under color of state law.  Marland v. Heyse, 315 F.2d 312, 314 (10th Cir. 1963).  Personal participation is also an essential allegation of a § 1983 claim.  Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Therefore, a supervisor incurs no § 1983 liability for a subordinate's conduct which results in the deprivation of a constitutional right unless an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotations and alterations omitted); see also Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) ("[A] plaintiff must show an 'affirmative link' between the supervisor and the [constitutional] violation,

namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." (quotation omitted)).  Since "there is no concept of strict supervisor liability under section 1983," Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted), a supervisor is liable for his subordinate's conduct only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna, 455 F.3d at 1151 (quotation omitted).

A suit against a local government official in his official capacity is treated as a suit against the local government itself. Myers v. Okla. County Bd. of County Comm'rs, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998). Section 1983 liability is not imputed to local governments on a *respondeat superior* theory. Jantz v. Muci, 976 F.2d 623, 630 (10th Cir. 1992). Instead, to state a § 1983 claim against a local government for the actions of one of its employees, a plaintiff must allege that: (1) a local government employee committed a constitutional violation, and (2) the local government's policy or custom was the moving force behind the constitutional deprivation. Myers, 151 F.3d at 1316. Applying these principles, the Tenth Circuit has noted that "[a] municipality or county can be held accountable to a pretrial detainee for a [constitutional] violation resulting from an employee's acts only if the harmful acts resulted from a policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights." Aston, No. 99-4156, 2000 WL 796086 at *3 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978)).

Addressing Plaintiff's claims against Sheriff Whetsel in his individual capacity first, it is noted that Plaintiff has not alleged that Sheriff Whetsel personally participated or acquiesced in the attacks Plaintiff allegedly suffered at the hands of Defendants Bird and Hultman. The complaint is devoid of any allegation that Sheriff Whetsel took any actions to facilitate Bird and Hultman's conduct, or that Sheriff Whetsel's exercise of control or discretion or failure to supervise caused the assaults about which Plaintiff complains. See generally, Complaint. Similarly, Plaintiff has not alleged that Sheriff Whetsel personally participated in the acts or omissions that occurred in connection with the eventual response Plaintiff received to his grievance. There is no allegation that Sheriff Whetsel personally reviewed, received, or was even aware of the grievance, and no affirmative link is alleged between the Sheriff and any failure to act upon the grievance. See id. at 4, 12. The Sheriff's general supervisory responsibility for the county jail is not a basis upon which § 1983 liability can be predicated. See Meade, 841 F.2d at 1527. Thus, Plaintiff has not shown an affirmative link between Sheriff Whetsel in his individual capacity and the events made the basis of his complaint and, therefore, he has failed to state a plausible claim against Sheriff Whetsel in his individual capacity.

To the extent Plaintiff also sues Sheriff Whetsel in his official capacity, Plaintiff's allegations do not sufficiently state a claim either. As explained above, Plaintiff has not adequately alleged Sheriff Whetsel's personal participation in the events made the basis of this suit. Moreover, Plaintiff has failed to allege that the alleged attacks by Bird and Hultman and the alleged failure to respond to his grievance or investigate its claims were occasioned

by any policy or custom of Oklahoma County, which is a necessary allegation in stating a claim against a governmental official sued in his official capacity. See Myers, 151 F.3d at 1316. Accordingly, Plaintiff has failed to state a plausible claim against Sheriff Whetsel in his official capacity.

Given that Plaintiff has failed to state a claim against the Oklahoma County Detention Center and Sheriff Whetsel, it is recommended that their motion to dismiss be granted and the complaint against them be dismissed without prejudice. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.1990) (stating that dismissal without prejudice should result when a pro se litigant's pleading defects are potentially curable).

## **RECOMMENDATION**

For the aforementioned reasons, the undersigned recommends that Defendants Oklahoma County Detention Center and Sheriff Whetsel's motion to dismiss the complaint [Doc. No. 18] be **GRANTED**, and that the complaint be dismissed without prejudice.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 16, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 23rd day of February, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE