IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRYSTOPHER A. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-636-D |
| | ) |
| TIMOTHY BIRD, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The matter is currently before the undersigned pursuant to an order directing Plaintiff to show cause why the complaint should not be dismissed based upon his failure to serve Defendants Bird and Hultman in the time and manner dictated by Fed. R. Civ. P. 4.[1]

## PROCEDURAL HISTORY

The procedural history relating to service of process on the Defendants Bird and Hultman is as follows. Plaintiff filed his complaint on June 20, 2008, but he was ordered to pay an initial partial filing fee by July 15. However, Plaintiff filed a motion on July 9, 2008,

---

[1] Plaintiff also named Oklahoma County Sheriff John Whetsel and the Oklahoma County Detention Center as Defendants, but the undersigned entered a Report and Recommendation on February 23, 2009, recommending that their motion to dismiss be granted. [Doc. No. 21]. Judge DeGiusti adopted that Report and Recommendation on March 31, 2009. [Doc. No. 23].

asking to be excused from that requirement. [Doc. No. 6]. On July 14, 2008, the undersigned entered an order granting Plaintiff's request to excuse him from paying the initial partial filing fee and in a separate order, the undersigned directed the Plaintiff to serve the Defendants with the complaint and accompanying summons. [Doc. Nos. 7, 9]. On August 14, 2008, Plaintiff requested the issuance of summons for the four named Defendants. [Doc. No. 10]. He then filed returns on August 22, 2008, purporting to show that he had obtained valid service on all Defendants including the Defendants Bird and Hultman. [Doc. Nos. 12, 14].

However, on September 19, 2008, the Oklahoma County District Attorney filed a motion to quash in which he alleged that the representative of the Oklahoma County Sheriff's office who purported to accept service on behalf of the Defendants Bird and Hultman was not authorized to do so. He explained that neither Defendant Bird nor Defendant Hultman were employed by the Oklahoma County Detention Center on the date the representative from the Oklahoma County Sheriff's office purported to accept service on their behalf, and thus the representative was not authorized to accept service for them. On December 1, 2008, the undersigned found that the Plaintiff had not obtained valid service upon the Defendants Bird and Hultman, so the motion to quash service filed on their behalf by the Oklahoma County District Attorney was granted. [Doc. No. 19]. However, since the Court recognized the difficulty Plaintiff might have in attempting to locate the two Defendants and getting them served, the Court in that same order directed the Oklahoma County Detention Center officials to provide the U.S. Marshal with the last known address of the two Defendants so

that the Plaintiff could re-attempt to serve them.  On December 17, 2008, the Oklahoma County District Attorney filed a response to that order in which he provided the last known address for the two Defendants. [Doc. No. 20].

As it appeared to the undersigned that the Plaintiff had made no further attempt to serve the Defendants Bird and Hultman, the undersigned entered an order on February 23, 2009, noting that the 120-day period provided by Fed. R. Civ. P. 4(m) to obtain service had expired and Plaintiff had not filed any proof of service as required by Fed. R. Civ. P. 4(e). Thus Plaintiff was directed to file proof of service by March 16, 2009 or to show cause by that date why valid service had not been made. [Doc. No. 22].  Plaintiff was cautioned that if he did not file a proof of service or show good cause for his failure to serve the two Defendants, the undersigned would recommend that the complaint against them be dismissed without prejudice.  The Plaintiff has not responded to that order.[2]

## DISCUSSION

Plaintiff is required to serve each Defendant with a summons and a copy of the complaint.  See Fed. R. Civ. P. 4(c)(1).  If service is not made within 120 days after filing of the complaint, the Court may dismiss the action against an unserved defendant without prejudice.  Fed. R. Civ. P. 4(m).  Here, just over four months have elapsed since the undersigned quashed service on Defendants Bird and Hultman and over nine months have

---

[2] The court file reflects that a copy of Judge DeGiusti's order of February 23, 2009 dismissing the Defendants Sheriff Whetsel and the Oklahoma County Detention Center, mailed to the Plaintiff was returned to the Court as undeliverable and noting that Plaintiff was "gone." [Doc. No. 24].  However, he has not provided the Court with his new address as required.  Local Civil Rule 5.4.

lapsed since the filing of the complaint, and yet proper service upon Defendants Bird and Hultman has not been completed. Although Plaintiff is a *pro se* litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4, Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993). Thus, Plaintiff's failure to complete proper service on Defendants Bird and Hultman within the time limits prescribed by Fed. R. Civ. P. 4(m) is grounds for dismissal of his claims against these Defendants in the absence of justification for the failure. Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992).

The preliminary inquiry under Rule 4(m) is to determine whether a plaintiff has shown good cause for his failure to timely effect service. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). In this regard, it is noted that Plaintiff has not responded to the undersigned's order directing him to show cause for his failure to timely serve the Defendants. Given that the complaint was filed on June 20, 2008, Plaintiff's 120-day period to serve the Defendants expired on or about October 18, 2008. Plaintiff has offered no explanation as to why he has been unable to serve Defendants Bird and Hultman within the 9 months this action has been pending. Indeed, Plaintiff has not attempted to serve nor explained why he has not attempted to serve Defendants Bird and Hultman after being provided with their last known addresses over three months ago. Accordingly, Plaintiff has not shown good cause for his failure to serve Defendants Bird and Hultman. Nevertheless, the Court must still consider whether a permissive extension of time to serve these Defendants is warranted in light of several factors. Id. at 841-42.

Specifically, the Tenth Circuit Court of Appeals has noted that a permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action," or where "policy considerations might weigh in favor of granting a permissive extension of time . . . ." Espinoza, 52 F.3d at 842 (quotation and citation omitted). Additionally, as to *pro se* litigants, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." Id. at 842 n.8 (quotation omitted).

At this juncture, an additional permissive extension of time is not warranted. The statute of limitations governing Plaintiff's claims against Defendants Bird and Hultman has not expired. In Oklahoma, a prisoner has one year from the date an injury is alleged to have occurred within which to file suit "based upon facts that occurred while the person was an inmate . . . ." Okla. Stat. tit 12, § 95(11). Furthermore, Plaintiff's § 1983 claims are governed by Oklahoma's residual statute of limitations which gives him two years from the date his cause of action accrued within which to file suit. See Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988). According to the complaint, Plaintiff's claims against Defendants Bird and Hultman stem from an incident that occurred on May 3, 2008. See Complaint, p. 2. Thus, Plaintiff has, at a very minimum, until May 3, 2009, to re-file a suit against Defendants Bird and Hultman if the claims against them are dismissed without prejudice based upon Plaintiff's failure to timely serve them. Furthermore, Oklahoma's savings statute will provide Plaintiff with an additional period of time to bring an action against Defendants Bird and Hultman if Plaintiff's claims against them are dismissed

pursuant to Rule 4(m). See Okla. Stat. tit. 12, § 100; see also Grider v. USX Corp., 847 P.2d 779, 783 (Okla. 1993) (noting that Okla. Stat. tit. 12, § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma."); Williams v. City of Guthrie, No. 03-6212, 109 Fed. Appx. 283, 286 (10th Cir. Sept. 8, 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court).[3]  Therefore, this factor counsels towards dismissal.

Further, there does not appear to be any policy consideration that may warrant granting Plaintiff an extension of time to serve Defendants Bird and Hultman.  Moreover, the docket sheet in this action does not reflect the existence of any confusion or delay in resolving Plaintiff's *in forma pauperis* application, or any other issues relevant to initiating suit, other than those caused by the Plaintiff.[4]  Plaintiff's failure to timely serve Defendants Bird and Hultman appears to be the result of nothing more than his lack of effort to timely do so.  Such does not warrant an additional extension of time to complete service.

In light of the foregoing, an additional extension of time to serve Defendants Bird and Hultman should not be granted.  It is instead recommended that all of Plaintiff's claims

---

[3] This and any other unpublished disposition are cited as persuasive authority pursuant to Federal Rule of Appellate Procedure. 32.1 and Tenth Circuit Rule 32.1.

[4] Plaintiff submitted an application to proceed *in forma pauperis* at the time he filed the complaint. [Doc. No. 2].  Five days after the application was filed, and two days after it was referred to the undersigned, Plaintiff's application was granted and he was ordered to pay an initial filing fee. [Doc. No. 5].  However, Plaintiff then filed a motion indicating he could not pay the initial fee because his prison trust account had no funds. [Doc. No. 6].  Five days later, the undersigned excused Plaintiff from paying the initial fee, and directed prison officials to collect funds for the filing fee from Plaintiff's account in the future when its balance exceeded $10.00.  [Doc. No. 7].  Plaintiff waited approximately 30 days after this time before beginning the process of serving the Defendants. See Pro Se Litigant's Request for Issuance of Summons. [Doc. No. 10].

against Defendants Bird and Hultman be dismissed without prejudice pursuant to Rule 4(m) based upon Plaintiff's failure to timely serve them. Krueger v. Doe, No. 98-6144, 1998 WL 717286 (10th Cir. October 14, 1998) (upholding dismissal of *pro se* prisoner's complaint for failure to effect service on a defendant even though the statute of limitations had likely expired, and despite the fact that the plaintiff had made substantial effort to locate the defendant.)

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that all of Plaintiff's claims against Defendants Bird and Hultman be dismissed without prejudice pursuant to Rule 4(m). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 27, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 6th day of April, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE